EASTERN DIST.
*April,* 1840.

VALETTI
*vs.*
ALPUENTE.

========

VALETTI *vs.* ALPUENTE.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-
ORLEANS.

Where an act of sale of mortgaged property is not recorded in the office of the Register of Conveyances, the original vendor has the right to act and to proceed against the mortgaged property in the hands of the third possessor, as if it was still the property of the mortgagor.

This is an opposition and injunction by a third possessor to stay an order of seizure and sale, which the original vendor

had obtained against the mortgaged property for the payment of the original price.

The plaintiff shows that he purchased several lots in new faubourg Marigny, from one N. Rillieux, in September, 1837, who bought the same from F. Alpuente, by notarial act with mortgage in June, 1836; and that Alpuente had obtained an order of seizure against said property, without pursuing the form prescribed by law, and was proceeding to sell it. He made opposition and obtained an injunction to stay the executory proceedings on executing bond with security.

The defendant took a rule to have the injunction dissolved, on several grounds, with damages and costs.

On the trial of the rule, it appeared from the certificate of the Register of Conveyances, for the city and parish of New-Orleans, that the act of sale from Rillieux to the plaintiff, Suppo de Valetti, had not been registered in his office, so as to give it effect against third persons. There was judgment on the rule, dissolving the injunction, with twenty per cent. damages, and overruling the opposition. The plaintiff appealed.

*Pepin,* for the plaintiff and appellant.

*Morel,* contra.

*Bullard, J.,* delivered the opinion of the court.

The appellant having made opposition, as a third possessor, to the order of seizure and sale, on the ground that the plaintiff had not pursued the forms required in cases where the property mortgaged had passed into the hands of third persons, and, having obtained an injunction to stay further proceedings, a rule was taken on him to show cause why the injunction should not be dissolved and the opposition overruled, on the ground that this pretended title to the property had never been recorded in the office of the Register of Conveyances. The rule was made absolute, and the injunction having been dissolved with damages and costs, the plaintiff appealed.

EASTERN DIST.
*April*, 1840.

A certificate of the Register of Conveyances shows that the sale from Rillieux to De Valetti, of lots in the suburb Marigny, had not been recorded in his office. The act of the legislature of 1827, creating that office declares, that conveyances not registered therein shall have no effect against third persons. Until such recording, the mortgagee had a right to act as if the lots were still the property of the mortgagor.

To that it is answered that the lots appear, by a copy of the act in evidence, to be situated in the *new* faubourg Marigny, and not in faubourg Marigny, and consequently the certificate of the register is insufficient and inapplicable. If the certificate left it doubtful, the party claiming the benefit of his conveyance might have shown that his title had in fact been registered. This he has not chosen to do, and we must take the certificate as applying to any faubourg Marigny, if there be more than one, of which we are not judicially informed.

The judgment below, is, therefore, affirmed with costs.